Filed 9/9/15  P. v. Coreas CA6

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

### IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JAVIER ANTONIO COREAS,<br><br>    Defendant and Appellant. | H040700<br>(Santa Clara County<br>Super. Ct. No. F1347097) |

Defendant Javier Antonio Coreas pleaded no contest to one count of felony grand theft from the person (Pen. Code, § 487, subd. (c)).[1]  On appeal, his counsel has filed an opening brief in which no issues are raised and asks this court for an independent review of the record as required by *People v. Wende* (1979) 25 Cal.3d 436.  Counsel has declared defendant was notified that an independent review under *Wende* was being requested.  We advised defendant of his right to submit written argument on his own behalf within 30 days.  That period has elapsed, and we have received no written argument from defendant.

Pursuant to *Wende*, we have reviewed the entire record and have concluded that there are no arguable issues.  We will provide "a brief description of the facts and procedural history of the case, the crimes of which defendant was convicted, and the punishment imposed."  (*People v. Kelly* (2006) 40 Cal.4th 106, 110.)

---

[1] Unspecified statutory references are to the Penal Code.

FACTUAL AND PROCEDURAL BACKGROUND

On June 11, 2013, defendant was charged by complaint with one count of second degree robbery (§§ 211, 212.5, subd. (c)) for taking batteries and an A/C charger from a Staples store.

On November 22, 2013, the complaint was amended to add a count of felony grand theft from the person (§ 487, subd. (c)). Thereafter, defendant entered a negotiated plea of no contest to the felony grand theft charge with the understanding that he would be placed on probation. The plea included a modifiable term of one year in county jail.

Defendant waived his right to a preliminary hearing and waived referral for a full probation report. Accordingly, the record contains little information regarding the circumstances of his offense. However, the probation report does state that defendant stole a battery charger valued at $16.50 from a Staples store. The battery charger was recovered at the scene.

On December 16, 2013, the court placed defendant on three years' probation, subject to various terms and conditions including a year of county jail. The court awarded him custody credits of 193 actual days and 192 days conduct credit, for a total of 385 days. The court imposed a restitution fine of $280 under section 1202.4 and imposed and suspended a matching $280 probation revocation restitution fine under section 1202.44. His jail sentence was deemed served. On February 10, 2014, defendant filed a timely notice of appeal.

On February 27, 2014, the court revoked defendant's probation after he was charged and convicted in a separate matter. Several months later, his probation was reinstated.

On November 6, 2014, the court modified two of defendant's probation conditions to include an express knowledge requirement. The parties also stipulated that defendant was unable to pay probation supervision fees under section 1203.1b and lacked the ability

to pay or perform public service work.  The probation supervision fees were reduced to an amount not to exceed $10 a month.

On January 21, 2015, the court reduced defendant's felony conviction of grand theft from the person to a misdemeanor under Proposition 47.  The court also reduced the restitution fine to $100 and deleted the suspended restitution fine that was previously imposed.  The probation supervision fees remained as previously ordered.  The court sentenced defendant to a term of one year in county jail for the probation violation and granted him custody credits of 308 actual days and 308 days conduct credit for a total of 616 days.  His one year sentence was thus deemed served.  The court then applied the remainder of his credits to his outstanding fines at a rate of $30 a day and deemed his outstanding fines paid.  (§ 2900.5, subd. (a).)  Victim restitution remained in effect and could be collected civilly.

## DISCUSSION

We have examined the entire record and conclude that there are no arguable issues on appeal.

## DISPOSITION

The judgment is affirmed.

_____
                    Walsh, J.[*]


WE CONCUR:



_____
        Rushing, P.J.




_____
        Elia, J.




People v. Coreas
H040700

_____
        [*] Judge of the Santa Clara County Superior Court assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.